NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH L. EDDIN, SR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1662

---

Petition for review of the Merit Systems Protection Board in No. DA-3443-16-0025-I-1.

---

Decided: August 4, 2016

---

JOSEPH L. EDDIN, SR., Humble, TX, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Joseph L. Eddin, Sr. ("Eddin") petitions for review of the final order of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *See Eddin v. U.S. Postal Serv.*, No. DA-3443-16-0025-I-1, 2016 WL 392822 (M.S.P.B. Jan. 28, 2016); *see also* Resp't's App. ("R.A.") 1–8. Because the Board correctly concluded that it lacked jurisdiction over Eddin's appeal, we *affirm*.

BACKGROUND

Eddin, a combat veteran, is a transportation manager with the United States Postal Service ("the Agency"). In March 2010, Mable Sheppard ("Sheppard"), an employee whom Eddin managed, filed an equal employment opportunity ("EEO") complaint alleging that Eddin had sexually harassed her and created a hostile work environment. R.A. 2. For the five years following her complaint, Sheppard was detailed to another branch within the Agency. *Id.*

In August 2015, Sheppard returned to Eddin's branch of the Agency and was temporarily placed in a position as his direct supervisor. *Id.* Eddin subsequently filed an appeal at the Board alleging that Sheppard's presence in his branch created a hostile work environment, increased his stress and anxiety, and could lead to incidents of PTSD relating to his military service. *Id.*

In the order acknowledging Eddin's appeal, the administrative judge ("AJ") advised Eddin that the Board might not have jurisdiction over his appeal, and instructed Eddin to submit evidence and argument establishing that his claims fell within the Board's jurisdiction. *Id.* The Agency then filed a motion to dismiss for lack of jurisdiction. *Id.* In response to the acknowledgement order and the Agency's motion, Eddin reiterated his allegations that he was subjected to a hostile work environment and suffered health consequences as a result. *Id.*

The AJ then issued an initial decision dismissing the appeal for lack of jurisdiction, concluding that Eddin did not make any non-frivolous allegations of facts that, if proven, would establish the Board's jurisdiction over his appeal. R.A. 3. Eddin did not file a petition for review by the full Board, and thus the AJ's decision became the final decision of the Board on March 3, 2016.

Eddin timely appealed from the Board's final order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction *de novo* as a question of law, and review underlying factual findings for substantial evidence. *See Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

Eddin argues that the Agency violated Postal Service policy by making Sheppard his temporary supervisor without notifying him first. Eddin claims that Sheppard's presence created a hostile work environment and that he suffered health consequences as a result. Finally, Eddin argues that the Board failed to take into account "VA medical documentation from physician" during his absence from work as a result of Sheppard becoming his supervisor. *See* Pet'r's Br. 1.

The government responds that the Board properly considered all relevant facts and correctly concluded that it lacked jurisdiction over Eddin's appeal. Specifically, the government argues that Eddin did not allege any specific acts over which the Board has jurisdiction.

We agree with the government that the Board lacked jurisdiction over Eddin's appeal. The Board's jurisdiction does not extend to all acts that affect an employee, but rather is "limited to actions made appealable to it by law, rule, or regulation." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (citing 5 U.S.C. § 7701(a)). As is relevant here, the Board has jurisdiction over appeals of adverse actions, which include removals or terminations of employment after completion of probationary or other initial service periods, involuntary resignations or retirements, reductions in grade or pay, suspensions for more than 14 days, and furloughs for 30 days or less for cause. 5 U.S.C. §§ 7511–7514; *Archuleta v. Hopper*, 786 F.3d 1340, 1347 (Fed. Cir. 2015).

As the appellant before the Board, Eddin bore the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i). Eddin did not satisfy that burden because he did not allege any adverse act that gave rise to Board jurisdiction. For example, Eddin did not allege that the Agency suspended him or forced him to resign. When given the opportunity to supplement his allegations following the acknowledgement order and in response to the Agency's motion to dismiss, Eddin only reiterated his previous assertions. Even if true, none of Eddin's assertions allege any acts over which the Board has jurisdiction. And, Eddin has not asserted any other basis for Board jurisdiction. *See, e.g.*, 5 C.F.R. § 1201.3.

We have considered Eddin's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision dismissing Eddin's appeal for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.